UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH                                    CIVIL ACTION

VERSUS                                    NO: 13-5298

GULFSTREAM PROPERTY AND                   SECTION: J
CASUALTY INSURANCE COMPANY,
ET AL

### ORDER AND REASONS

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 35)** filed by Defendant, Louisiana Farm Bureau Casualty Insurance Company ("Farm Bureau"), which is the only defendant remaining in the above-captioned matter. Plaintiff has filed an *Opposition* **(Rec. Doc. 36)**, and Farm Bureau has filed a *Reply* **(Rec. Doc. 40)**. Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motion should be **GRANTED.**

### PROCEDURAL AND FACTUAL BACKGROUND

Defendant, Farm Bureau, issued a Standard Flood Insurance Policy ("SFIP") to Plaintiff, Yolanda Joseph, for Plaintiff's property located at 328 Devon Road, La Place, Louisiana, with policy effective dates of November 2, 2011 to November 2, 2012. On or about August 29, 2012, Hurricane Isaac caused flood damage to Plaintiff's property that was covered by the SFIP. Within a few days of the hurricane, Plaintiff submitted a claim to Defendant,

1

Farm Bureau, for the flood damages, and on September 17, 2012, Farm Bureau issued an advance building payment to Plaintiff in the amount of $5,000. On September 24, 2012, Plaintiff signed a sworn proof of loss in the amount of $50,484.43 and a building replacement cost proof of loss in the amount of $5,112.40, for a total proof of loss amount of $55,596.83. On September 28, 2012, Farm Bureau issued a check to Plaintiff in the amount of $50,596.83, thus resulting in a total payment from Farm Bureau to Plaintiff of $55,596.83. Plaintiff later submitted an additional, itemized estimate prepared by her public adjuster.

Plaintiff filed suit against Farm Bureau on August 7, 2013, seeking to recover additional funds under her policy, but Farm Bureau alleges that it has not received any additional signed and sworn proofs of loss from Plaintiff. Plaintiff alleges that her adjuster's estimate should satisfy the requirements of a supplemental proof of loss.

**PARTIES' ARGUMENTS**

Plaintiff argues that because she submitted her initial proof of loss forms, and later submitted the estimate of her adjuster as a supplemental proof of loss, Plaintiff is entitled to additional amounts under her policy because Farm Bureau had ample information available for it to meaningfully evaluate her supplemental claim. Plaintiff contends that summary judgment should not be granted based solely on Farm Bureau's technical defense that Plaintiff did

2

not submit an additional proof of loss for supplemental payment.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.2d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). The Court will examine the evidence in the light most favorable to the nonmoving party. *Naquin v. Fluor Daniel Servs. Corp.*, 935 F. Supp. 847, 848 (E.D. La. 1996) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). While all reasonable inferences are drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.2d at 1075. A Court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come

forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

It is well established that Plaintiff's failure to submit an additional, formal proof of loss that complies with all statutory requirements is fatal to her claim for additional recovery under her SFIP. *See, e.g., Collins v. Nat'l Flood Ins. Program*, 394 Fed.

4

App'x 177, 180 (5th Cir. 2010); *Kidd v. State Farm Fire & Cas. Co.*, 392 Fed. App'x 241, 244-245 (5th Cir. 2010); *Norman v. Fidelity Nat'l Ins. Co.*, 354 Fed. App'x 934, 937 (5th Cir. 2009); *Wientjes v. Am. Bankers Ins. Co. of Florida*, 339 Fed. App'x 483, 485-486 (5th Cir. 2009); *Marseilles Homeowners Condominium Assoc., Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1056 (5th Cir. 2008). Although Plaintiff provided written notice of her loss when she submitted her adjuster's estimate, that submission falls short of the formal requirements for a proof of loss statement, and Plaintiff's substantial compliance with statutory requirements is insufficient. *See Collins*, 394 Fed. App'x at 180; *Marseilles*, 542 F.3d at 1056. Therefore, Plaintiff's claim for additional recovery must be dismissed with prejudice for her failure to submit an additional, formal proof of loss.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion for Summary Judgment* (**Rec. Doc. 35**) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant, Louisiana Farm Bureau Casualty Insurance Company, for supplemental amounts under Plaintiff's SFIP are hereby **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana this 14th day of July, 2014.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE